John P. Cohalan, Jr., J.
Plaintiff is the pastor of defendant New Hope Institutional Baptist ■Church (Church). Each of the individual defendants holds office in the dual capacity of deacon and trustee.
Differences having arisen between the parties because of the allegedly unchristian-like manner in which he is comporting himself, the deacon-trustees wish to have the plaintiff discharged as pastor. They advised him of this desire by sending him a registered letter — a receipt for which he signed — and by having one, Bernice Daniels, read a notice on two successive Sundays to the congregation at the church services. The purport of the notice was that a special meeting would be held at a designated date to vote on the dismissal or retention of plaintiff as such pastor.
The sole issue to be dealt with at this moment has to do with compliance with the statutory requirements of aricle 7 (Baptist Churches) of the Religious Corporations Law.
■Section 133 of the law reads in part that: “ A special corporate meeting of any such church may be called by the board of trustees thereof, on its own motion, and shall be called on the written request of at least ten qualified voters of such church. The trustees shall cause notice of the time and place of its annual corporate meeting * * * and, if a special meeting, of the business to be transacted thereat, to be publicly read by the minister of such church or any trustee thereof at a regular meeting of the church for public worship, on the two successive Sundays immediately preceding such meeting”.
Bernice Daniels styles herself the secretary of the Church, but is neither a trustee nor a deacon. In every other statutory particular the call for the meeting complied with section 133.
*1041 Defendants say that this section applies to temporal matters of the church only; that the dismissal of a pastor can be effected only by the vote of the congregation or the membership, i.e., the spiritual body of the church. (Walker Mem. Baptist Church v. Saunders, 285 N. Y. 462.) There each of two contending factions held a meeting pursuant to notice in the same building at the same time but in different rooms. At the meeting held under the aegis of the trustees, a resolution was adopted for dismissal of the pastor. The Court of Appeals declared the results of this meeting to be a nullity, because there was no vote by the entire congregation or membership.
In Sherburne Vil. Baptist Soc. v. Ryder (275 App. Div. 729 [3d Dept.]) relied upon by defendants, the facts in the unreported opinion of Special Term reveal that the pastor himself, on each of two successive Sundays, read the notice of a meeting to be held in conjunction with the annual corporation meeting. The notice contained a specific reference to a resolution to ask him to resign. Thus, this reading complied with section 133 of the statute.
No citation has been shown to the court indicating the authority of Bernice Daniels to call the subject meeting. A copy of the “ New Directory for Baptist Churches ” by Hiseox was handed up to the court at the time of oral argument. This book, first published in 1894, is a guide to the practices and disciplines of the Baptist Church. However, nowhere in the volume (index or text) does any reference to the formalities of a call of a meeting appear, and thus is not helpful in a determination of the instant question.
Defendants contend further that the Sherburne case (supra) is authority for the proposition that formalities preceding the meeting of the congregation to vote on the pastor’s dismissal or retention are relatively unimportant. If that be so, why in the instant case was every formality observed except that of having a trustee read the notice 1 There cannot be any custom or usage to bridge the gap, for unless the subject of dismissal had arisen several times before, there could scarcely be any practice with respect to notification which could have ripened into such a custom or usage.
Thus, in the absence of any other authority, the court holds that compliance with section 133 is necessary in order to call a special meeting of the congregation. The call of the meeting heretofore made is declared a nullity.
The temporary restraining order (stay) enjoining defendants or any of them from calling a special meeting pursuant to any notice heretofore given is continued. Defendants may, *1042 however, proceed to call a special meeting for the purpose of assembling the congregation to vote on the question of dismissal or retention of the plaintiff pastor upon compliance with the statutory requirements laid down in section 133 of the Religious Corporations Law.
This determination is made without prejudice to the continuance of plaintiff’s pending action for a permanent injunction and for money damages.