432 P.2d 328 (1967)
MOUNT ZION BAPTIST CHURCH, et al., Appellants,
v.
SECOND BAPTIST CHURCH OF RENO, Nevada, a Nevada corporation, Respondent.
No. 5246.
Supreme Court of Nevada.
October 5, 1967.
Charles L. Kellar, of Las Vegas, for Appellant.
Robert R. Herz, of Reno, for Respondent.

OPINION
ZENOFF, Justice.
This action involves a property dispute between two discordant factions within the Second Baptist Church of Reno.
*329 A division within the church developed over a proposed purchase of a new church edifice, a merger with the Mt. Zion Baptist Church, and conflicting claims to $20,521.87 of church funds on deposit with the First National Bank of Nevada.
A special meeting of the congregation was called to discuss the proposed merger. Instead of complying with the by-laws of the association which prescribed written notice for meetings after a required time, an announcement was made at church services for a meeting to be held immediately. As a result, a scarce few of the entire membership participated in the meeting. The vote on the merger gave rise to the division within the church and directly concerned the ownership of the $20,521.87.
Respondent filed a declaratory judgment action together with a motion for a preliminary injunction in the court below. The appellants filed a motion to dismiss which was denied. The appellants now seek a writ of prohibition asserting that the lower court had no jurisdiction to entertain this action contending this is a purely ecclesiastical matter involving the internal affairs of the Second Baptist Church and its members.
1. The decision whether to merge or cooperate with other congregations is a religious question which, in itself, should be of concern to no one except those involved. The choice is one to be made by the parties in the exercise of their own religious beliefs. Their freedom to make this choice is guaranteed by the 1st Amendment of the U.S. Constitution against federal or state interference. Indeed, courts frequently declare that they have no power to decide religious questions, but that does not mean that courts will not assume jurisdiction over religious institutions. Religious organizations do have temporal rights and duties with respect to properties and contracts which courts will recognize and enforce, because the exercise of religion depends in large measure upon properties and temporalities held by a religious group, e.g., an edifice as a place of worship, chattels of numerous forms and purposes, and money to discharge legal obligations and to expend for charitable uses. In truth, the institution can hardly practice its religion without these temporal necessities. Only with respect to these temporalities should courts recognize legal rights and duties and enforcement as limited to nonreligious policies.
2. Being mindful of the view that religious associations should be afforded certain prerogatives of sovereignty (Kedroff v. St. Nicholas Cathedral, 344 U.S. 94 (1952); Kreshik v. St. Nicholas Cathedral, 363 U.S. 190 (1960)), yet the state does have an interest in affording the disputants some judicial recourse for resolving their arguments. Although we express reluctance to become embroiled in such controversy, we recognize the judicial power to determine and protect property rights. Watson v. Jones, 80 U.S. 679 (1872). The questions presented by this case concern temporalities only, and our judicial power can be exercised with respect to those property rights involved. Bouldin v. Alexander, 82 U.S. 131 (1873).
Notice of a meeting was not given in accordance with the by-laws. Significance of this failure is evident by the sparsity of the attendance at the meeting where the vote taken determined the existence of the church name and its properties.[1] Absent a valid meeting, the vote to merge was invalid and no rights flowed from it.
When relief was sought, the trial court ordered a meeting be called after proper notice. A merger vote under such direction will decide ownership of the money involved and other church property interests. *330 Those considerations are properly within the jurisdiction of the courts.
Writ denied.
THOMPSON, C.J., and COLLINS, J., concur.
NOTES
[1] At the invalidly called meeting, those persons present voted to dispense with the rules which, it is now claimed, included a waiver for written notice of the meeting. Obviously, such contention is without merit.