**BANGOR SPIRITUALIST CHURCH, INC.**

v.

**Everett LITTLEFIELD and Jobie Robinson.**

Supreme Judicial Court of Maine.

Jan. 16, 1975.

Paine, Lynch & Weatherbee by Peter M. Weatherbee, Bangor, for plaintiff.

Oscar Walker, Bangor, for defendants.

Before DUFRESNE, C. J., and WERNICK, ARCHIBALD and DELAHANTY, JJ.

ARCHIBALD, Justice.

This civil action was instituted for the purpose of recovering certain monies which were allegedly withdrawn from the Penobscot Savings Bank by the defendants without authority. The parties waived jury trial and a Justice of the Superior Court, after hearing, awarded the plaintiff a judgment in the sum of $2,654.24 plus interest and costs. The defendants have appealed. We deny the appeal.

Appellants justify their right to withdraw the funds in question because of authority which they contend was given them at a "meeting" of the church corporation held April 2, 1972. The legal significance of this meeting is the critical issue.

■ Since the Justice below made no findings of fact nor stated separately his conclusions of law pursuant to Rule 52(a), M.R.C.P. (nor was he requested to do so), "we must proceed on the assumption that the trial Justice found for the appellee on all factual issues necessarily involved in the decision," and "the findings thus assumed to have been made will not be set aside by this Court unless shown to be clearly erroneous." Blue Rock Industries v. Raymond International, Inc., 325 A.2d 66, 73 (Me.1974); Jacobs v. Boomer, 267 A.2d 376 (Me.1970). Looking to the record, therefore, to determine whether the plaintiff had established its legal entitlement to the funds in dispute, we note the following facts on which the Justice below

could have predicated his ultimate conclusion:

(1) The plaintiff is an incorporated church as authorized by 13 M.R.S.A. §§ 3021–3029.

(2) The plaintiff does not have specific bylaws establishing a procedure for calling either regular or special business meetings.

(3) At the conclusion of a regular church service held on April 2, 1972, the then President presided at a church meeting for the purpose of inducting two persons into membership in the church, verbal notice of this meeting for that limited purpose having been previously given by the President.

(4) Because the President (who had been duly elected as such at the preceding annual meeting) refused to entertain a motion to go "independent of the National and Maine Associations of Churches" for lack of a proper prior notice, he and other previously elected officers were replaced by newly "elected" officers at this meeting, among whom were the appellants.

(5) As a result of this "election" and pursuant to a subsequent "vote" at the same meeting, the funds in dispute were then withdrawn by the defendants from the Penobscot Savings Bank.[1]

(6) Notice of the aforesaid business meeting of April 2, 1972, was verbal only and was not given by the Board of Trustees.

■ Since we are not required in this case to resolve any ecclesiastical issues that may exist between the litigants but are confronted only with the question of the legal ownership of the funds, we have no hesitancy in holding that this controversy is properly before us, our decision being controlled entirely by neutral principles of

1. The record contains this stipulation: "IT IS FURTHER STIPULATED AND AGREED, that the Defendants, Everett Littlefield and Jobie Robinson recieved from the Penobscot Savings Bank, the account of the Bangor Spiritualist Church, Inc., the sum of $2,654.24, with the issue to be tried as to whether or not said sum was properly or improperly recieved."

law. St. Michael & Archangel Rus. O. G. Cath. Ch. v. Uhniat, 451 Pa. 176, 301 A.2d 655 (1973); Mount Zion Baptist Church v. Second Baptist Church, 83 Nev. 367, 432 P.2d 328 (1967).

 A church which sees fit to become incorporated under Maine law is obligated to conduct its business activities in compliance therewith. 13 M.R.S.A. § 3026 requires that church corporations which have not adopted specific bylaws establishing a procedure for calling business meetings shall do so by having a Board of Trustees post "notices of the time, place and purposes of said meeting, in the same manner and for the same time as is prescribed in section 3022." Section 3022 requires that notices be posted in

"A conspicuous place near the main entrance to the usual place of meeting of such church and in one other public and conspicuous place in the same town, for 7 days, at least, prior to said meeting."

It is clear beyond question that the critical meeting of April 2, 1972, was not called in conformity with the notice requirements of Section 3026. The action of that meeting, despite participation therein by a considerable number of the church membership, was without legal significance. We find ample support in other jurisdictions for this position.

Where a special church business meeting was held without giving notice as required by the Religious Corporations Law, the New York Supreme Court has ruled that no corporate business could be validly transacted at such a meeting. Hayes v. Brantley, 53 Misc.2d 1040, 280 N.Y.S.2d 291 (1967); Petition of Hayes, 38 N.Y.S. 2d 66 (Sup.1942).

The Massachusetts Supreme Court has held that because a religious corporation is an artificial entity created by the law which can perform corporate acts only in the manner mandated by the statute or by controlling principles of law, essential compliance with the notice requirements of the statute is a prerequisite to a valid meeting. Syrian Antiochean St. George's Orthodox Church v. Ghize, 258 Mass. 74, 154 N.E. 839 (1927).

Other jurisdictions speak of the corporate meetings of religious societies as invalid, or void, where there was a failure to comply with bylaws either as to notice or to the manner in which the meetings were called. Mount Zion Baptist Church v. Second Baptist Church, *supra;* Padgett v. Verner, 51 Tenn.App. 285, 366 S.W.2d 545 (1963); McDaniel v. Quakenbush, 249 N. C. 31, 105 S.E.2d 94 (1958); State Bank of Wilbur v. Wilbur Mission Church, 44 Wash.2d 80, 265 P.2d 821 (1954); David v. Carter, 222 S.W.2d 900 (Tex.Civ.App. 1949); Schilstra v. Van Den Heuvel, 82 N.J.Eq. 155, 90 A. 1056 (N.J.1914); Mack v. Huston, 23 Ohio Misc. 121, 256 N.E.2d 271 (1970); *see* 76 C.J.S. Religious Societies § 18a.

Rather than being "clearly erroneous," the record demonstrates beyond any doubt that the decision of the Justice below was *the only legal result that could have been reached.*

The entry is:

Appeal denied.

All Justices concur.

WEATHERBEE and POMEROY, JJ., did not sit.