STATE of Maine

v.

MICHAEL Z.

Supreme Judicial Court of Maine.

Argued Jan. 6, 1981.

Decided March 25, 1981.

John R. Atwood, Dist. Atty. (orally), Robert B. VanWyck, Asst. Dist. Atty., Wiscasset, for plaintiff.

Malcolm L. Lyons (orally), Augusta, for defendant.

Before WERNICK, GODFREY, NICHOLS, GLASSMAN, ROBERTS and CARTER, JJ.

CARTER, Justice.

The District Court in Wiscasset, sitting as the juvenile court, adjudged Michael Z. to have committed the juvenile crime of manslaughter, 17–A M.R.S.A. § 203(1)(A), in causing the death of Laurie Pinkham. Pinkham died in a collision, on Route 220 in Waldoboro, between the car she was driving and a pickup truck driven by Michael Z.

Michael Z. appealed to the Superior Court, pursuant to 15 M.R.S.A. § 3402.[1] The Superior Court (Lincoln County) reversed, concluding that there was not sufficient evidence to support the juvenile court's adjudication.[2] The state appeals from the Superior Court's decision.

The state is entitled to appeal to the Law Court, pursuant to 15 M.R.S.A. § 3407(2)(A) (Supp.1980), as a party aggrieved by the Superior Court's reversal of the juvenile court's adjudication.[3] There is

1. Section 3402(1)(A) and (2) provides for appeal to the Superior Court, by the juvenile, from an adjudication of the juvenile court.

2. 15 M.R.S.A. § 3405 provides that "review on all appeals from juvenile court to Superior Court shall be for errors of law or abuses of discretion." Unlike the adult criminal procedure, there is no trial de novo in Superior Court.

3. In State v. Ann Marie C., Me., 407 A.2d 715, 719 (1979), we noted that the issue of our jurisdiction to hear the state's appeal in this situation had been resolved by the 1979 revision of the appeal provisions of the Juvenile Code, P.L.1979, ch. 512 § 14, effective September 14, 1979. The amended provisions are applicable to this appeal, which was filed and docketed in the Law Court on July 11, 1980. The revised version of 15 M.R.S.A. § 3407(2)(A)

no double jeopardy bar to the state's appeal from the ruling of an intermediate appellate court. If the Law Court reverses the intermediate decision, only reinstatement of the original adjudication is necessary, not a new adjudicatory hearing.

■ Where, as here, the Superior Court acts solely as an appellate court, we attach no presumptive validity to the Superior Court's order. *See State v. Ann Marie C.,* Me., 407 A.2d 715, 721 (1979). We undertake, not a review of the intermediate decision, but a direct review of the original adjudication.[4] We examine, therefore, the record developed before the juvenile court in the juvenile adjudicatory hearing and determine whether there is sufficient evidence to support the adjudication of manslaughter.

■ The parties stipulated that Michael Z. was the driver of the truck involved in the collision and that the collision caused Laurie Pinkham's death. The evidence at trial showed that the collision occurred at about 7:00 p. m. in the southbound lane of a straight stretch of road, marked for passing, posted at 45 m. p. h., and in good condition at the time of the accident. Michael Z.'s pickup truck was travelling northbound, but had moved over to the left (southbound) lane and was travelling "more or less straight." The Pinkham driveway was on the left, off the southbound lane, and Laurie Pinkham's car was at an angle across the center line headed toward the driveway.

The investigating officer testified that he could not determine whether Pinkham was making a left turn into her driveway or backing out of her driveway and he could not tell how long either vehicle had been in the southbound lane. Michael Z. and his two passengers all agreed that they had moved into the left lane to pass a slower moving car and that the collision occurred when that car turned left in front of them without signalling. A witness for the defense testified that she had spent the evening with Laurie Pinkham and that between 7:00 and 7:15 Pinkham was driving towards her home on Route 220. A witness for the state testified that just before the accident he drove past the Pinkham driveway, heading south, and observed a car backing out. He also testified that it might not have been the victim's car, and that he did not see the pickup truck travelling north. His statement to the police on the night of the accident did not mention a vehicle backing out of the driveway.

It was undisputed that Michael Z.'s pickup truck had no inspection sticker and had failed to pass inspection earlier that day because of a bald right front tire. An expert witness testified that a bald front tire could reduce the car's ability to stop, especially on a wet surface, and make the tire skid more easily. The evidence showed that the pickup truck had not attempted to brake prior to impact, that it had not skidded, and that the weather was clear and the road was dry. The expert also stated that the bald tire would not affect the operation of a vehicle travelling in a straight line, unless it blew, and there was no evidence that the tire blew before impact. Estimates of the truck's speed ranged from 45 to 60 miles per hour.

(Supp.1980), as further amended by P.L.1979, ch. 681, § 34 (effective July 3, 1980), provides that:

Decisions of the Superior Court on appeal from the Juvenile Court, as to matters described in section 3402, subsection 1, paragraph A only, may be appealed to the Law Court by an aggrieved party. An appeal by the state under this paragraph shall be subject to section 2115–A, subsections 5 and 8. 15 M.R.S.A. § 3402(1)(A) refers to the actual adjudication of guilt or innocence by the juvenile court. The state has complied with 15 M.R.S.A. § 2115–A(5), which requires written approval of the attorney general in an appeal by the state in a criminal case. 15 M.R.S.A. § 2115–A(8) requires that the Law Court allow "reasonable counsel fees and costs for the defense" of appeals by the state.

4. We have said of our review of a District Court civil judgment that "our task, like that of the Superior Court, is to ascertain whether or not on the record brought up from the District Court errors of law are apparent which affect the validity of the judgment." *Forer v. Quincy Mutual Fire Insurance Co.,* Me., 295 A.2d 247, 249 (1972).

For a manslaughter adjudication, the evidence must show, beyond a reasonable doubt, each of the three elements of the offense: (1) That Michael Z. acted recklessly by consciously disregarding a risk (17–A M.R.S.A. § 10(3)(A)) or acted with criminal negligence by failing to be aware of a risk (§ 10(4)(A)) that his conduct could cause the death of another; (2) That his disregard or failure to be aware of the risk, "when viewed in light of the nature and purpose of [his] conduct and the circumstances known to him [involved] a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation," 17–A M.R.S.A. § 10(3)(C), (4)(C); and (3) That the reckless or criminally negligent conduct caused the death. 17–A M.R.S.A. § 203(1)(A).

The juvenile court explicitly found the first two elements and concluded that Michael Z. acted with criminal negligence by operating at an excessive speed and by operating an uninspectable vehicle.[5] The juvenile court made no express findings regarding the cause of the accident or the manner in which it occurred. Since a finding of causation is necessary to support its adjudication, we must attribute to the juvenile court the implicit factual finding that the criminally negligent conduct was the cause of the accident. *See Bangor Spiritualist Church, Inc. v. Littlefield*, Me., 330 A.2d 793, 794 (1975).

We find it unnecessary to decide whether the state's evidence concerning excessive speed and the bald tire that made the truck uninspectable reached the level of "gross deviation" necessary to trigger criminal liability. We conclude that even if the defendant's conduct constituted criminal negligence, there was not sufficient evidence to support a finding that this conduct was the cause of the accident.

According to 17–A M.R.S.A. § 56, "causation may be found where the result would not have occurred but for the conduct of the defendant." The state produced no evidence to show that the accident would not have occurred but for the defendant's speeding or operating an uninspectable vehicle. There is no evidence that the bald tire, alone or in combination with any other factor, contributed to the accident in any way. There is no evidence of any other defect that made the truck uninspectable. There is also no evidence to show that the accident would have been avoided if Michael Z. had been driving more slowly. Expert witnesses testified that they could not determine how long either car had been in either lane, and there was no evidence regarding reaction time or the distance between vehicles. There was no evidence to suggest that excessive speed caused Michael Z. to lose control or wander into the left lane.

The evidence was not sufficient to meet the state's burden of proving beyond a reasonable doubt that the conduct found to be criminally negligent was a cause of the accident, and thus a cause of the death. Accordingly, the juvenile court should have ordered the petition dismissed and the juvenile discharged, under 15 M.R.S.A. § 3310(4).

The entry is:

Remanded to Superior Court for remand to District Court with instructions to dismiss the juvenile petition.

All concurring.

---

5. The juvenile court stated:

I am satisfied that you were the operator of the motor vehicle. That you were—caused—cause of an accident in which the death of a human being, Laurie Pinkham, occurred, and was the result of that accident. I'm further satisfied beyond any reasonable doubt that your failure to be aware of the risk that you created on the highway because of the opera-

tion of a vehicle which would not pass State of Maine inspection laws to be allowed to operate on the highway, and that the risk you created by operating at what I find as an excessive rate of speed that that is a gross deviation from what a reasonable—reasonable and a prudent man would do under those circumstances.