**Joseph H. SUTTON**

v.

**STACEY'S FUEL MART, INC.**

Supreme Judicial Court of Maine.

Argued May 5, 1981.

Decided July 13, 1981.

Lipman, Parks, Livingston, Lipman & Katz, P. A., Barbara L. Raimondi (orally), David Lipman, Augusta, for plaintiff.

Silsby & Silsby, Leigh A. Ingalls, Anthony W. Beardsley (orally), Ellsworth, for defendant.

Before McKUSICK, C. J., and WERNICK, GODFREY, ROBERTS and CARTER, JJ.

CARTER, Justice.

After trial without a jury in the Superior Court (Kennebec County), judgment was entered for the plaintiff, Joseph Sutton, against the defendant, Stacey's Fuel Mart, Inc., for damages of $2,100 arising out of a breach of contract. On appeal, the defendant argues that the trial court erred by considering parol evidence, and in the alternative, that the trial court's interpretation of a contract term was clearly erroneous. We raise, on our own motion, the jurisdictional question of whether a final judgment has been entered. We affirm the judgment below.

In 1976, the defendant was in the automobile business, and the plaintiff owned a two or three year-old International Harvester Scout. The plaintiff and Richard Stacey, the defendant's president and owner, talked by telephone about the plaintiff trading in his old Scout for a new 1977 Scout. The plaintiff testified that Stacey offered to sell him a new Scout for a specific amount of money plus his trade-in, and that if the plaintiff agreed to buy a new Scout every other year then the defendant would sell him a new Scout every other year for between $2,000 and $2,200, provided the Scout to be traded in was in good condition. Stacey testified that he remembered discussing future trade-ins with the plaintiff.

On October 30, 1976, the plaintiff took his old Scout, on Stacey's instructions, to Richard Caruso, the defendant's sales manager. After looking over the plaintiff's vehicle, Caruso handed the plaintiff a bill of sale (previously signed by Stacey) for a new 1977 Scout. The bill of sale contained a merger clause which stated that "No Salesman's verbal agreement is binding on the Company; all terms and conditions of this sale are covered in this agreement." Nothing about future trade-ins appeared on the

bill of sale. The plaintiff signed the bill of sale, paid $4,725 in cash, turned over his old Scout, and took possession of the new 1977 Scout.

The plaintiff testified that a few days after the sale, he telephoned Stacey to remind him about their verbal agreement for future trade-ins. A few days later a document signed by Stacey arrived in the mail, which read: "I, R. E. Stacey, agree to trade vehicles with Joseph Sutton, dollar for dollar value, every two years for $2000.00–2200.00, assuming vehicle to be traded is in average retail condition." The plaintiff testified that "dollar for dollar value" meant that the new Scout was to be of similar quality as the one traded in (i. e., same options, same model, etc.). The plaintiff testified that Stacey had told him "we can have you driving a new Scout II for about $1,000 a year." Stacey testified that "dollar for dollar value" meant that in addition to paying $2,000–2,200, the plaintiff was also to pay an amount equal to the retail price of the new Scout minus the original retail price of the old Scout (i. e., if the new 1979 Scout cost $9,400 retail, and the 1977 Scout cost $7,900 when it was new in 1977, then in 1979 the plaintiff was to pay $1,500 *plus* between $2,000–2,200).

Stacey went out of the automobile business by the end of 1977. In 1978, the plaintiff contacted Stacey in order to trade for a new 1979 Scout. Stacey refused; the plaintiff eventually purchased a new 1979 Scout from another dealer for $4,250 plus his trade-in allowance for the 1977 Scout. The 1977 Scout was in good condition.

The Superior Court ruled that the "future trade-in" agreement was part of the parties' agreement, and awarded damages of $2,100 to the plaintiff because of the defendant's breach.

## I.

Lack of a final judgment, with very few exceptions, deprives this Court of juris-

diction to hear an appeal therefrom. *Durgin v. Robertson*, Me., 428 A.2d 65, 67 (1981). Thus, while neither party questions this Court's jurisdiction, we raise the issue on our own motion.

In addition to seeking damages for the defendant's failure to trade Scouts in 1979, the plaintiff's complaint sought damages for anticipatory breach of contract, i. e., damages resulting from the likelihood that the defendant would fail to trade vehicles every two years *after* 1979. The Superior Court noted that the plaintiff asked for damages "because . . . he now is ready to turn in the 1979 Scout and he will again suffer more damages. This, however, is far to [sic] speculative to be considered." Judgment was accordingly entered for $2,100, based solely on the damages resulting from the defendant's failure to sell the plaintiff a 1979 Scout in return for the plaintiff's 1977 Scout plus between $2,000–2,200.

We interpret the court's ruling as denying damages for anticipatory breach because of the plaintiff's failure to carry his burden of proving with reasonable certainty the amount of such damages. *See Dairy Farm Leasing Co., Inc. v. Hartley*, Me., 395 A.2d 1135, 1138, 1140–41 (1978). We therefore treat the judgment as deciding *all* claims presented; the judgment is final.[1] *See* M.R.Civ.P. 54(b).

## II.

The defendant, relying on the merger clause in the bill of sale, argues that the bill of sale was intended to be the complete and exclusive statement of the terms of the agreement between the parties. Therefore, parol evidence of additional terms should not have been considered by the trial court.

Title 11 M.R.S.A. § 2–202 (1964) states in part:

> Terms with respect to which the confirmatory memoranda of the parties agree or which are otherwise set forth in a

---

1. The plaintiff has not appealed from the failure to award damages for anticipatory breach.

writing intended by the parties as a final expression of their agreement with respect to such terms as are included therein may not be contradicted by evidence of any prior agreement or of a contemporaneous oral agreement but may be explained or supplemented

. . . . .

(2) By evidence of consistent additional terms unless the court finds the writing to have been intended also as a complete and exclusive statement of the terms of the agreement.

The trial court ruled in part:

Had it not been for Plaintiff's Exhibit 4 [the confirmatory letter sent by the defendant to the plaintiff soon after the signing of the bill of sale], the parole [*sic*] evidence role [*sic*] might have foreclosed the verbal trade-in agreement. However, the trade-in agreement was a representation made to induce Plaintiff to buy the 1977 Scout, and Plaintiff's Exhibit 4 is a written confirmation of that representation.

We understand the trial judge to be calling attention to the fact that the defendant sent a written confirmation *after* the bill of sale was signed by both parties. That action, taken by the defendant a few days after the signing of the bill of sale in response to the plaintiff's request, is competent evidence which supports the assumed finding of the trial court that the parties did not intend the bill of sale to be "a complete and exclusive statement of the terms of the agreement."[2] Therefore, the trial court could find that terms in the bill of sale were supplemented by consistent additional terms.[3]

## III.

 The defendant concedes that the term "dollar for dollar value" is ambiguous, and that therefore its construction is a question of fact. *Blue Rock Industries v. Raymond International, Inc.*, Me., 325 A.2d 66, 73 (1974). Here, the plaintiff's testimony concerning conversations he had with Richard Stacey provide competent evidence supporting the trial court's interpretation. The question of a witness's credibility is for the trial court. *See Qualey v. Fulton*, Me., 422 A.2d 773, 776 (1980). Even though we might also find competent evidence in the record to support an alternative interpretation, we cannot therefore say that the court's determination was clearly erroneous. *See Harmon v. Emerson*, Me., 425 A.2d 978, 982 (1981).

The entry is:

Judgment affirmed.

All concurring.

---

2. The defendant did move below for further findings of fact and conclusions of law, but confined his request to findings concerning the trial court's interpretation of the term "dollar for dollar value" in Plaintiff's Exhibit 4. Therefore, we assume that the trial court found for the plaintiff on all other factual issues necessarily involved in the decision. *Bangor Spiritualist Church, Inc. v. Littlefield*, Me., 330 A.2d 793, 794 (1975). The assumed findings will not be set aside unless clearly erroneous. *Id.*

3. The determination of whether the parties intended a writing to be totally integrated must be based upon *all* the relevant evidence. *See Interstate Industrial Uniform Rental Service, Inc. v. F. R. Lepage Bakery, Inc.*, Me., 413 A.2d 516, 519 (1980); Restatement (Second) of Contracts § 235, Comment c (Tent. Drafts Nos. 1–7, 1973). A merger clause does not control the question of whether a writing was intended to be a completely integrated agreement. *See* Restatement (Second) of Contracts § 242, Comment e (Tent. Drafts Nos. 1–7, 1973).