MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:    2020 ME 92
Docket:      Ken-19-357
Argued:      June 9, 2020
Decided:     June 25, 2020

Panel:       MEAD, GORMAN, JABAR, HUMPHREY, HORTON, and CONNORS, JJ.

STATE OF MAINE

v.

ANDREW P. BILODEAU

JABAR, J.

[¶1]  Andrew P. Bilodeau appeals from a judgment of conviction of manslaughter (Class A), 17-A M.R.S. § 203(1) (2020), entered by the trial court (Kennebec County, *Murphy, J.*) following a jury trial.  Bilodeau contends that the court erred in denying his motions for a judgment of acquittal and for a new trial.  We affirm the judgment.

I.  BACKGROUND

[¶2]  Viewing the evidence in the light most favorable to the State, the jury could have found the following facts beyond a reasonable doubt.  *See State v. Nobles*, 2018 ME 26, ¶ 2, 179 A.3d 910.  On November 18, 2017, Bilodeau was fifty-five years old and licensed to drive in the State of Maine.  Bilodeau suffers from disabilities that affect his eyesight, impairing his depth-perception.  He

2

also suffers from cerebral palsy, which impairs his reaction time, especially in his lower extremities. When he drove, Bilodeau used two feet to operate the pedals, placing his left foot on the brake pedal and wedging his right foot between the transmission tunnel and the gas pedal. He primarily relied on steering—rather than braking or accelerating—to navigate around obstacles on the road.

[¶3] On the evening of November 18, 2017, at approximately 6:00 p.m., Bilodeau drove his car up Northern Avenue in Augusta. Northern Avenue intersects with Kendall Street at the crest of a hill, and Kendall Street is crossed by a pedestrian crosswalk where it meets Northern Avenue. As Bilodeau drove toward the intersection, the victim was crossing Kendall Street in the crosswalk. It was dark outside. The victim's wife was walking several feet behind her husband.

[¶4] Bilodeau's car struck the victim, who hit the windshield of the car and was propelled up and over the roof, landing in the street behind the car. Bilodeau continued on for a short distance, then pulled to the side of the road. When Bilodeau struck the victim, Bilodeau's car was almost entirely in the oncoming lane of traffic and was traveling below the posted speed limit of

twenty-five miles per hour.  The victim was in the crosswalk when he was hit.  EMTs transported the victim to the hospital, where he was pronounced dead.

[¶5]  In the minutes following the incident, Bilodeau gave three statements to police.  In each conversation, he told much the same story: he saw something or someone in the crosswalk, but did not trust his legs to brake in time.  Instead, he turned the wheel and continued forward, believing that he had time and room to maneuver around the obstacle.

[¶6]  Bilodeau was indicted by a grand jury on March 23, 2018, and charged with one count of manslaughter (Class A), 17-A M.R.S. § 203(1)(A).  He pleaded not guilty.  The court held a two-day jury trial on December 12 and 13, 2018.  At the close of the State's case-in-chief, Bilodeau moved for a judgment of acquittal, M.R.U. Crim. P. 29(a), which the court denied.  On December 13, the jury found Bilodeau guilty.  Bilodeau subsequently renewed his motion for a judgment of acquittal, M.R.U. Crim. P. 29(b), and filed a motion for a new trial, M.R.U. Crim. P. 33.  The trial court held a consolidated hearing on the motions and later entered an order denying both motions.  The trial court entered a judgment of conviction and sentenced Bilodeau to ten years' imprisonment with all but one year suspended, and four years' probation.  Bilodeau timely appealed the judgment of conviction.  *See* M.R. App. P. 2B(b)(2).

## II. DISCUSSION

[¶7]  On appeal Bilodeau raises two issues.  First, he contends that the trial court erred by denying his motion for judgment of acquittal.  M.R.U. Crim. P. 29(a)-(b).  Second, he contends that the trial court erred in denying his motion for a new trial based on allegedly improper arguments proffered by the State during its closing argument.  For the reasons discussed below, we affirm the judgment.

A.    Sufficiency of the Evidence

[¶8]  Bilodeau contends that the trial court erred by denying the motion for a judgment of acquittal that he lodged at the close of the State's case-in-chief, and by denying the motion when he renewed it post-trial.  Contrary to Bilodeau's contentions, a jury could rationally have found each element of the charged crime beyond a reasonable doubt based on the evidence presented by the State at trial, and therefore the trial court did not err in denying the motion. *See State v. Williams*, 2020 ME 17, ¶ 19, 225 A.3d 751.

[¶9]  "A person is guilty of manslaughter if that person . . . [r]ecklessly, or with criminal negligence, causes the death of another human being." 17-A M.R.S. § 203(1)(A).  "A person acts recklessly with respect to a result of the person's conduct when the person consciously disregards a risk that the

person's conduct will cause such a result." 17-A M.R.S. § 35(3)(A) (2020). "A person acts with criminal negligence with respect to a result of the person's conduct when the person fails to be aware of a risk that the person's conduct will cause such a result." 17-A M.R.S. § 35(4)(A) (2020). The person's failure to be aware of the risk or conscious disregard of the risk, "when viewed in light of the nature and purpose of the person's conduct and the circumstances known to the person, must involve a gross deviation from the standard of conduct that a reasonable and prudent person would observe in the same situation." 17-A M.R.S. § 35(3)(C), (4)(C) (2020).

[¶10] "On appeal, we review the denial of a motion for judgment of acquittal by viewing the evidence in the light most favorable to the State to determine whether a jury could rationally have found each element of the crime proven beyond a reasonable doubt." *Williams*, 2020 ME 17, ¶ 19, 225 A.3d 751 (quotation marks omitted)(alteration omitted); *see also State v. Lowden*, 2014 ME 29, ¶ 13, 87 A.3d 694 ("We review the denial of a motion for a judgment of acquittal under the same standard as a challenge to the sufficiency of the evidence . . . ."). "The jury may draw all reasonable inferences from the evidence presented at trial." *Williams*, 2020 ME 17, ¶ 19, 225 A.3d 751.

6

[¶11]  The facts of the case were largely undisputed at trial.  Bilodeau admitted that he was driving the car that struck the victim, and it is undisputed that the crash killed the victim.  However, Bilodeau contends that the State failed to present sufficient evidence upon which a jury could rationally have found beyond a reasonable doubt that he acted recklessly or with criminal negligence, and therefore the trial court erred in denying his motion for acquittal.  *See* 17-A M.R.S. § 203(1)(A).

[¶12]  Contrary to Bilodeau's contentions, viewing the evidence in the light most favorable to the State, a jury could rationally have found beyond a reasonable doubt that Bilodeau acted recklessly or with criminal negligence.  Bilodeau told law enforcement immediately after the accident that he saw someone or something in the crosswalk as he approached.  He confirmed this fact in his own trial testimony.  Bilodeau did not attempt to brake.  Instead, he piloted his car into the oncoming lane and through the crosswalk in an attempt to bypass the victim.  Testimony by an accident reconstructionist with the Maine State Police suggested that Bilodeau did not swerve in a last-ditch attempt to avoid the victim, but rather moved gradually into the oncoming lane.  Bilodeau's car entered the crosswalk straight-on, perpendicular to the path of

the crosswalk. The jury could reasonably infer that braking was an alternative and appropriate reaction, given Bilodeau's speed.

[¶13] These facts could reasonably support a conclusion that Bilodeau made a deliberate choice to try to avoid the victim by driving around him, even after he saw the victim in the crosswalk. They do not suggest a panicked swerve made without time to stop the car. On this record, a jury could rationally have found beyond a reasonable doubt that Bilodeau either failed to be aware of the risk to the victim or consciously disregarded that risk, and that Bilodeau's failure or disregard grossly deviated from the standard of conduct of a reasonable and prudent person. *See State v. Carisio,* 552 A.2d 23, 24, 27 (Me. 1988) (affirming conviction for manslaughter where defendant driver purposely ran a stop sign, believing she had sufficient time to avoid victim's vehicle); *State v. Gammon*, 529 A.2d 813, 815-16 (Me. 1987) (affirming conviction for manslaughter where defendant driver saw victim's car stopped in roadway 500 feet ahead but failed to slow below the speed limit before colliding); *State v. Hanks*, 397 A.2d 998, 1000 (Me. 1979) (affirming conviction for vehicular manslaughter where defendant's car had mismatched and bald tires, causing it to leave lane of travel and strike oncoming car), *overruled on other grounds by State v. Brewer*, 505 A.2d 774, 777 (Me. 1985). The trial court

8

did not err in denying Bilodeau's motion for judgment of acquittal at the close of the State's case and again when he renewed the motion post-trial.

B.     Motion for New Trial

[¶14]  Bilodeau also contends that the trial court abused its discretion in denying his motion for a new trial, arguing that statements made by the State during its closing argument regarding Bilodeau's disabilities were improper and violated his Constitutional and statutory protections.  Contrary to Bilodeau's arguments, the court did not err in concluding that he had failed to demonstrate that the State's comments were improper.[1]

[¶15]  "We review the trial court's decision on a motion for a new trial for an abuse of discretion and any findings underlying its decision for clear error." *State v. Daluz*, 2016 ME 102, ¶ 44, 143 A.3d 800.  However, where the defendant argues that the State made improper comments during its closing argument, and the defendant did not object to those statements at trial, we review for obvious error.  *State v. Robinson*, 2016 ME 24, ¶ 25, 134 A.3d 828; *see also State v. Fahnley*, 2015 ME 82, ¶ 35, 119 A.3d 727 (articulating the obvious error

---

[1]  Bilodeau raised the alleged impropriety of the State's comments in his amended motion for a new trial.  However, in the trial court's order, which addressed both Bilodeau's motion for a new trial and renewed motion for judgment of acquittal, the trial court considered the alleged prosecutorial misconduct in the context of its sufficiency analysis.  Bilodeau's motions to the trial court and his arguments on appeal make clear that he was and is actually seeking a new trial—not a judgment of acquittal—based on the alleged prosecutorial misconduct.

standard in the context of a claim of prosecutorial misconduct).  Obvious error is that which is plain and likely to have affected the defendant's substantial rights, while also likely affecting the outcome of the trial:

> If a defendant demonstrates on appeal that there was prosecutorial misconduct that went unaddressed by the court, we will consider whether the error is plain—that is, whether the error is so clear under existing law that the court and the prosecutor were required to address the matter even in the absence of a timely objection. If there is error that is plain, we will then consider whether the defendant has demonstrated a reasonable probability that the error affected her substantial rights, meaning that the error was sufficiently prejudicial to have affected the outcome of the proceeding. When a prosecutor's statement is not sufficient to draw an objection, particularly when viewed in the overall context of the trial, that statement will rarely be found to have created a reasonable probability that it affected the outcome of the proceeding.

*Fahnley*, 2015 ME 82, ¶ 35, 119 A.3d 727 (quotation marks omitted) (citations omitted).

[¶16]  In his amended motion for a new trial, Bilodeau argued that the State improperly stated in its closing that Bilodeau "should not have been driving because of his physical disability."  He further contended that "[i]t is inappropriate to argue that a disabled person should not be driving after the

government approves it [by granting the person a license]."[2] Bilodeau did not cite any law to support these claims. He renews these arguments on appeal, again failing to cite any law in support of his contentions.

[¶17] Contrary to Bilodeau's arguments, neither the fact that the State of Maine issued him a driver's license nor the fact that he was disabled serves as a defense to criminal liability. The Maine Criminal Code does not provide any statutory defense to manslaughter related to a defendant's physical disability or preclude the State from presenting evidence of that disability. *See* 17-A M.R.S. §§ 101-110, 203 (2020). Nor does the Maine Human Rights Act or Maine Civil Rights Act limit the State's ability to present relevant evidence of a defendant's disability in a criminal prosecution. *See* 5 M.R.S. §§ 4551-4634, 4681-4685 (2020). Regulations promulgated by the Department of the Secretary of State set forth detailed processes by which the Department evaluates physical disabilities in the context of licensing drivers, but do not provide that a driver's licensure constitutes a defense against reckless or criminally negligent operation. *See* 29-250 C.M.R. ch. 3 (effective Dec. 31, 2016).

---

[2] Bilodeau also moved for a new trial based on testimony from a State's witness describing Bilodeau as exhibiting "no remorse" following the crash. The trial court denied the motion as to this ground, and Bilodeau does not renew the argument on appeal.

[¶18] Bilodeau has not demonstrated that the court erred in permitting the State to refer to Bilodeau's disabilities in its closing argument. *See Fahnley*, 2015 ME 82, ¶ 35, 119 A.3d 727. He has not identified any constitutional provisions, statutes, regulations, or case law to suggest that the State's arguments were improper. It was through Bilodeau's own direct testimony that evidence of his disability was presented to the jury. The State's reference to that evidence in its closing argument was clearly relevant to an element of the charged crime and failed to generate any objection from Bilodeau. In sum, Bilodeau cannot show that the trial court's decision to allow the State to refer to his disability in its closing argument constituted error, much less obvious error. *Id.*

## III. CONCLUSION

[¶19] The State presented evidence upon which a jury could rationally have found all elements of the charged crime beyond a reasonable doubt, and the trial court did not obviously err in allowing the State to refer to Bilodeau's disabilities in its closing argument.

The entry is:

Judgment affirmed.

Kevin P. Sullivan, Esq. (orally), Sullivan Law, P.C., Gardiner, for appellant Andrew P. Bilodeau

Maeghan Maloney, District Attorney, and Frayla Tarpinian, Dep. Dist., Atty. (orally), Prosecutorial District IV, Augusta, for appellee State of Maine

Kennebec County Unified Criminal Docket docket number CR-2018-508
FOR CLERK REFERENCE ONLY