MAINE SUPREME JUDICIAL COURT                          Reporter of Decisions
Decision:      2023 ME 4
Docket:        Cum-22-58
Argued:        November 1, 2022
Decided:       January 12, 2023

Panel:         STANFILL, C.J., and MEAD, JABAR, HORTON, CONNORS, and LAWRENCE, JJ.

STATE OF MAINE

v.

BRANDON J. GIBB

CONNORS, J.

[¶1]  Brandon J. Gibb appeals from a judgment of conviction entered by the trial court (Cumberland County, *MG Kennedy, J.*) for various criminal offenses based on his actions toward a female human resources staffer after she terminated his employment.[1]  Gibb's principal argument is that the trial court erred or abused its discretion in allowing the victim to identify him as the individual telephoning her because her lay opinion testimony lacked the foundational requirements for admission.  We affirm the judgment and clarify the standard governing voice identification.

---

[1] Gibb was convicted of two counts of stalking (Class D), 17-A M.R.S. § 210-A(1)(A)(1) (2022); two counts of violation of a protective order (Class D), 5 M.R.S. § 4659(1) (2022); criminal threatening (Class D), 17-A M.R.S. § 209 (2022); and harassment (Class E), 17-A M.R.S. § 506-A(1)(A)(1)(a) (2022), after a jury trial, and violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2022), after a bench trial.

## I. BACKGROUND

[¶2]  "Viewing the evidence admitted at trial in the light most favorable to the State, the jury could rationally have found the following facts beyond a reasonable doubt."  *State v. Athayde*, 2022 ME 41, ¶ 2, 277 A.3d 387.  The procedural history is based on the record.

[¶3]  In December 2020, Gibb was working as a temporary employee at a food processing company.  Because of COVID-19, all employees were required to wear face masks and other personal protective equipment provided by the company.  The victim, an employee in the human resources department, informed her supervisor that Gibb was not following the face mask protocol, and her supervisor instructed her to fire him immediately.  Gibb was escorted to the victim's office where she explained that his employment was being terminated because of his failure to follow the face mask protocol.  With his mask down, showing his face, Gibb began yelling obscenities and derogatory names at the victim, and the victim repeatedly asked him to leave.  After throwing his reflective vest at the victim, he left her office.

[¶4]  Two days later, the victim received a voicemail on her office phone. The caller identified himself as "Brandon"; stated, "How dare you fire me, you fat bitch"; and threatened to come to her place of work to sexually assault her.

She believed the caller to be Gibb because he was the only individual with the first name "Brandon" that she had ever fired. The victim consulted with her supervisor about the voicemail, and they agreed to not call the police.

[¶5] Between January and May 2021, the victim continued to receive voicemails and calls from Gibb where he made similar statements and threats. Consequently, the victim filed a complaint seeking an order for protection from harassment (PFH), and the District Court (Portland, *Darvin, J.*) issued a temporary order.

[¶6] In May 2021, after Gibb was served with the temporary order, the victim received one more phone call and two more voicemails in which the speaker called her derogatory names and threatened to sexually assault her. Gibb was then arrested and charged by complaint with stalking (Class D), 17-A M.R.S. § 210-A(1)(A)(1) (2022); violation of a protective order (Class D), 5 M.R.S. § 4659(1) (2022); criminal threatening (Class D), 17-A M.R.S. § 209 (2022); and harassment (Class E), 17-A M.R.S. § 506-A(1)(A)(1)(a) (2022). He was released on bail with a condition that he not have contact with the victim.

[¶7] Roughly one week later, the District Court (*Kelly, J.*) held an evidentiary hearing on the victim's PFH complaint. The court entered a final

order of protection in favor of the victim and against Gibb. At the hearing, the victim heard Gibb speak and observed his appearance and demeanor.

[¶8] Once the final PFH order was in place, the victim did not receive another call until September 2021. She received two calls and two voicemails that month. Gibb was charged by complaint with stalking (Class D), 17-A M.R.S. § 210-A(1)(A)(1); violation of a protective order (Class D), 5 M.R.S. § 4659(1); and violation of condition of release (Class E), 15 M.R.S. § 1092(1)(A) (2022).

[¶9] A jury trial on all charges, except the violation of condition of release, which was jury waived, began on March 1, 2022. Over Gibb's objection that her testimony lacked foundation, the victim identified Gibb as the caller based on her familiarity gained from the day that she terminated his employment and the PFH hearing.

[¶10] The jury returned a verdict of guilty on all counts, and the trial court found Gibb guilty of violation of condition of release. He was sentenced on March 8, 2022,[2] and timely appealed the judgment against him. *See* 15 M.R.S. § 2115 (2022); M.R. App. P. 2B(b)(1).

---

[2] As to the first set of charges, Gibb was sentenced to six months' imprisonment on both the harassment and criminal threatening charges, and he was sentenced to 364 days' imprisonment with all but six months suspended and one year of probation on the charges of stalking and violation of a protective order. The court ordered that all the sentences on the first set of charges be served concurrently. As to the second set of charges, Gibb was sentenced to thirty days in jail on the charges of violation of a protective order and violation of condition of release, to be served concurrently with

## II. DISCUSSION

[¶11]  We review Gibb's challenge to the trial court's evidentiary ruling for clear error and an abuse of discretion.[3]  *See State v. Hinkel*, 2017 ME 76, ¶ 7, 159 A.3d 854.  He argues, citing Maine Rule of Evidence 701, that the trial court erred or abused its discretion in allowing the victim to testify that Gibb was the caller because her lay opinion testimony identifying him as the caller lacked the foundational requirements for admission.  Voice identification is, however, more specifically addressed under Maine Rule of Evidence 901. *See United States v. Mendiola*, 707 F.3d 735, 739 (7th Cir. 2013);[4] *State v. Houde*, 596 A.2d 330, 333-34 (R.I. 1991); *cf. State v. Dube*, 2016 ME 50, ¶ 10, 136 A.3d

---

the first set of charges.  Gibb was sentenced to 364 days' imprisonment, wholly suspended, and one year of probation on the stalking charge, to be served consecutively to all other sentences.

The docket record in each of these matters is inconsistent with the trial court's judgments, however, erroneously stating the concurrent and consecutive nature of the sentences.

[3]  Gibb also argues that the trial court erred in denying his motion for judgment of acquittal as to the criminal threatening charge and in not instructing the jury on the "imminence" element of criminal threatening.  Gibb did not raise either argument before the trial court, so we review only for obvious error.  *See State v. Solomon*, 2015 ME 96, ¶¶ 13-14, 120 A.3d 661.  The trial court did not plainly err in denying the motion for judgment of acquittal. *See id.*; *State v. Bilodeau*, 2020 ME 92, ¶ 8, 237 A.3d 156.  And contrary to Gibb's assertion, the court did instruct the jury on the element of "imminence."  What Gibb wanted was an instruction defining the term "imminent," and it was not obvious error for the court to not do so on its own after Gibb was provided multiple opportunities to request additional instructions.  *See State v. Coleman*, 2019 ME 170, ¶¶ 22, 26-27, 29, 221 A.3d 932.

[4]  "When applying the Maine Rules of Evidence, we may look to cases applying the Federal Rules of Evidence." *State v. Miller*, 1999 ME 182, ¶ 7 n.6, 741 A.2d 448.

93 (explaining that lay opinion testimony about handwriting is specifically admissible under M.R. Evid. 901(b)(2)).

[¶12] Under Rule 701, lay opinion testimony, as a general matter, is limited to opinions that are "[r]ationally based on the witness's perception" and "[h]elpful to clearly understanding the witness's testimony or to determining a fact in issue." Rule 901(b)(5) addresses voice identification specifically and provides that "[a]n opinion identifying a person's voice—whether heard firsthand or through mechanical or electronic transmission or recording—[can be] based on hearing the voice at any time under circumstances that connect it with the alleged speaker." The relevant advisory note explains that "such testimony may lack credibility, but this goes to its weight and not its admissibility." M.R. Evid. 901 Advisers' Note to former M.R. Evid. 901 (Feb. 2, 1976).

[¶13] Thus, although Rule 701 provides that lay opinion testimony is admissible when based on perception, Rule 901(b)(5) elucidates, with respect to voice identification, that "[t]he bar for familiarity is not a high one." *Mendiola,* 707 F.3d at 740 (noting that the Seventh Circuit had previously held that "hearing a defendant's voice once during a court proceeding satisfies the minimal familiarity requirement"); *United States v. Axselle*, 604 F.2d 1330, 1338

(10th Cir. 1979) (explaining that a single telephone call combined with hearing the defendant's voice in court was sufficient for voice identification testimony to go to the jury and that the defendant's objection that the witness had only heard his voice one time other than the call in question went to the weight of the evidence); 5 Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence* § 901.06 (Matthew Bender & Co., Inc. 2d ed. 2012), LEXIS ("A lay witness may identify a person's voice based on having heard that person's voice on at least one other occasion under circumstances connecting the voice with the person.").

[¶14]  In sum, although a voice identification must meet the requisites of both Rules 701 and 901(b)(5), Rule 901(b)(5) makes clear that the Rule 701 requirement of perception is a low bar that can be based on minimal exposure to the voice in question.  Applying this standard, the court's allowance of the victim's testimony, given the victim's exposure to Gibb's voice on the phone and in person when initially terminating him and at the PFH hearing, was neither infected with legal error nor an abuse of discretion.  Gibb was free to contest the credibility of the victim's testimony before the jury on cross-examination.

The entry is:

> Judgment affirmed.  Remanded to the trial court
> to correct both docket records to reflect

accurately the concurrent and consecutive nature of Gibb's sentences.

---

Stuart W. Tisdale, Jr., Esq. (orally), Law Office of Stuart Tisdale, Portland, for appellant Brandon Gibb

Jennifer F. Ackerman, Dept. Dist. Atty., and Wesley W. Birdsong, Stud. Atty. (orally), Prosecutorial District No. Two, Portland, for appellee State of Maine

Cumberland County Unified Criminal Docket docket numbers CR-2021-2085 and CR-2021-4076
FOR CLERK REFERENCE ONLY